UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: KRISTIN M. PRICE | : | Chapter 7 |
| Debtor | : | No. 15-17645-elf |

_____

| | | |
|---|---|---|
| KRISTIN M. PRICE | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Adversary No. |
| | : | |
| JP MORGAN CHASE BANK | : | |
| | : | |
| & | : | |
| ARNE DUNCAN, SECRETARY, | : | |
| UNITED STATES DEPARTMENT OF | : | |
| EDUCATION | : | |
|     Defendants. | : | |

**COMPLAINT TO DETERMINE
DISCHARGEABILITY OF STUDENT LOANS**

**I.   Preliminary Statement**

1.   This is an adversary proceeding brought under the Bankruptcy Code, 11 U.S.C. § 523(a)(8), to determine the dischargeability of various education loans made, some private and some insured and or guaranteed by a governmental unit.

**II.   Parties**

2.   Plaintiff is an adult individual who resides at 403 East Springfield Road, Springfield, Pennsylvania 19064. She is the debtor in the above-captioned bankruptcy case.

3.   Defendant, JP Morgan Chase Bank ("Chase"), is believed to be a national bank which holds and services private student loans and has its headquarters located at 270 Park

Avenue, New York, New York, 10017.

    4.    Defendant, Arne Duncan is the Secretary of the Department of Education ("ED"), which has its headquarters located at 400 Maryland Avenue SW, Washington, DC 20202, and as such is the chief executive official of an agency of the United States.

## II.    Jurisdiction

    5.    Jurisdiction of the bankruptcy court is provided by 28 U.S.C. §§1334 and 157 and the Order of the United States District Court for this district dated July 25, 1984.

    6.    This is a core proceeding.

## III.    Factual Allegation

    7.    Plaintiff attended Thomas Jefferson University and obtained various student loans, some private and some federally funded.

    8.    Plaintiff's present indebtedness to Defendant, ED on her government guaranteed student loans is approximately $25,850.00.

    9.    Plaintiff's present indebtedness to Defendant Chase on her private student loan(s) is approximately $30,817.00.

    10.    The Debtor's marital status is separated.

    11.    The debtor's monthly net income, including child support, can barely meet her family of four's monthly living expenses, not including her student loan obligations.

## IV.    Cause of Action

    12.    Plaintiff's current and expected future income is and will be barely adequate (if at all) for her to afford a minimal standard of living for the debtor and her three minor dependent

children.

13. Plaintiff lacks the resources to repay the student loans and any payments she would make would create a hardship for the debtor and her family, both in the present and in the future.

14. The plaintiff has made a good faith attempt to pay these loans.

15. Excepting the student loans from discharge would impose an undue hardship on the plaintiff.

16. The above-described student loans are dischargeable under 11 U.S.C. § 523(a)(8).

**WHEREFORE**, plaintiff, Kristin M. Price requests that this Court declare the subject matter student loans dischargeable under 11 U.S.C. § 523(a)(8).

Respectfully Submitted,

**WATERMAN & MAYER, LLP**

Date: January 14, 2016         By: __/s/ Scott F. Waterman_____
                                SCOTT F. WATERMAN, ESQUIRE
                                110 W. Front Street
                                Media, PA   19063
                                (610) 566-6177 Phone
                                (610) 892-6991 Fax