UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: KRISTIN M. PRICE | : | Chapter 7 |
| Debtor | : | No. 15-17645-elf |

| | | |
|---|---|---|
| KRISTIN M. PRICE | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Adversary No. 16-11 |
| | : | |
| JP MORGAN CHASE BANK | : | |
| | : | |
| & | : | |
| ARNE DUNCAN, SECRETARY, | : | |
| UNITED STATES DEPARTMENT OF | : | |
| EDUCATION | : | |
|     Defendants. | : | |

**PLAINTIFF, KRISTIN M. PRICE'S ANSWER IN OPPOSITION TO DEFENDANT, J.P. MORGAN CHASE BANK'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Kristen M. Price, by her undersigned attorneys, respectfully submits this Answer in Opposition to Defendant, JP Morgan Chase Bank's Motion for Summary judgment and states as follows;

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

1

7. Admitted.

8. Admitted, upon information and belief.

9. Denied as a conclusion of law.

10. Denied as a conclusion of law.

11. Denied as a conclusion of law.

12. Denied as a conclusion of law.

13. Admitted.

14. Denied as a conclusion of law.

15. Denied as a conclusion of law. By way of further answer, Defendant misrepresents the holding of In re Jones, 495 B.R. 674 (Bankr. E.D. Pa. 2013). Jones does not establish a ceiling by which debtors with income greater than Ms. Jones cannot discharge student loans. On the contrary, the court ruled that there are no bright line tests to establish minimal standard of living. Id. at 685. The court offered a non exhaustive list of basic needs set forth in In re Ivory, 269 B.R. 890 (Bankr. N.D. Ala 2001) that are allowable. Those elements include shelter, basic utilities, gas and telephone, food and personal hygiene products, transportation, life and health insurance and modest recreation. There is no indication that the list was exhaustive. Another actual expense for a working single parent of young children is child care, which Ms. Jones did not have to pay. After accounting for all of the Debtor's actual expenses, the court can evaluate whether the Debtor has any additional funds available to make necessary payments toward her student loans. See Jones at 685. Therefore, the examination is case specific based on the unique facts of the individual case to determine whether the debtor can maintain a minimum standard of living while still paying the student loans.

16. Denied as a conclusion of law.

17. Denied as a conclusion of law. On the contrary, the Debtor's net monthly income is less than her monthly expenses and she cannot afford to pay her student loans. By way of further answer, Defendant has not alleged that any of the Debtor's expenses are unreasonable nor actually incurred.

18. Denied as a conclusion of law. To the extent an answer is required, this case is factual dissimilar to Miller. In Miller the debtor only had one minor dependent and was living in an intact family where her husband was contributing over $2,500 net a month to the family income. The family lived in a five bedroom home and her mortgage, real estate taxes and homeowners insurance exceeded $2,200 a month. In this case, Ms. Price is separated, has three minor children living with her - ages 3,4 and 11, and the court ordered monthly child support she receives is less than half of what Ms. Miller received. Moreover, unlike Ms. Miller, Ms. Price has monthly child care expenses of $1,127.00. Also, unlike Miller, in our case Defendant is not arguing that Ms. Price's monthly expenses are unreasonable.

19. Denied as a conclusion of law.

20. Denied as a conclusion of law.

21. Denied as a conclusion of law.

22. Denied as a conclusion of law. By way of further answer, the bi-weekly support payment of $646.15 includes her ex's share of the child care expense obligation. A copy of the Child Support Order is attached as Exhibit A." See also Ms. Price's Affidavit attached as Exhibit "B." Moreover, her ex also pays 100% for the Debtor's use of a leased car, which costs $325.00 and 100% of the car insurance and renters insurance which is an additional $182.00 a

month. Ms. Price indicates that her soon to be ex husband's income will not increase in the future and therefore there is no reasonable expectation that her child support will increase. Moreover, given that her youngest child in 3 years old and she works 7 am to 4 pm her need for child care will continue for approximately 8 or 9 years in the future. See Exhibit B. This factual dispute regarding whether Ms. Price's ex will pay more in child support in the future, precludes summary judgment.

23. Denied as a conclusion of law.

**WHEREFORE**, the plaintiff requests that Defendant JP Morgan Chase Bank's Motion for Summary Judgment be denied.

Respectfully Submitted:

**WATERMAN & MAYER, LLP.**


**BY:**  /s/ Scott F. Waterman_____

Dated: August 19, 2016               **SCOTT F. WATERMAN, ESQ.**

4